# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DIVISION
### SOUTHERN DISTRICT OF MISSISSIPPI
### FILED FEB - 6 2023  ARTHUR JOHNSTON, BY ___ DEPUTY

James Howard Gray                                        Plaintiff

V.                                           Cause No. 3:23cv98-CWR-FKB

Mississippi Department of Corrections              Defendants

## COMPLAINT

Come Now, the Plaintiff James Howard Gray #99090, Pro'Se, and files this coplaint, pursuant to Federal Civil Rights Act of 1983, and would show the following to wit:

On or about the 8 day of December 2006, a Scott County grand jury indicted Gray for Statutory Rape. On the 18 day of February 2008, Gray plead guilty to a reduced charge of gratification of lust. Gray was sentenced to fifteen (15) years in the custody of the Mississippi Department of Corrections (MDOC), with ten (10) years suspended, five (5) years to serve, and five (5) years of post-release supervision, and Court-Ordered to be evaluated for appropriate counseling and therapy for sexual addiction while incarcerated, but being denied of the program and treatment.

After Gray serving the five (5) year sentence, Gray was released from MDOC on the 10 day of January 2013, and placed on post-release supervision for five (5) years.

-1-

On or about the 13 day of June 2014, Gray was arrested by Scott County Sheriff Department and charged me with two(2) counts of grand larceny and MDOC placed a hold on Gray by field Officer Cedric Jenkins. Gray remained incarcerated until his revocation hearing which was conducted on August 18, 2014. While Gray was being held by MDOC, MDOC field Officer Cedric Jenkins came over to the Jail and told me that if I didn't want to go back to prison that I need to get my daugther to met him at the Days Inn's. I talked with Billie Patrick, and Willie Andsoner, who are investigaters with Scott County Sheriff Department and filed a complaint aganist him. Also sent a complaint to his Supervisor Wendy Arrington.(See Exhibit A)

I was being threat and harassed by probation officer Cedric Jenkins from February 2013 until August 2014, until he got termination for forcing two female's to have sex with him. Let the record show here, that Mr Cedric Jenkins, been termination from Brandon Police Department, Forest Police Department, Mississippi Department of Corrections and Scott County Sheriff Department, all for Sexual harassment.

On or about the 14 day of March 2014, I went to report and as I pulled in the parking lot with my daugther an fiance we talked with probation officer Micheal Gilmer, about Mr Jenkins, and showing him the text messages from Mr Jenkins and the voice records I did on my phone. Mr. Micheal Gilmer, stated to me and my daugther that his boss Mrs Wendy Arrington

-2-

would be calling and coming to see us an get a statement but no on called or came seen us. And while we was talking a white lady pulled up and complainting about Mr. Jenkins. (See Exhibit A).

On or about the 11, day of April 2022, I was adviced by the Scott County Court Clerk, to direct my request to MDOC about the Sex Offender Treatment Program, that I am court ordered to go through while am incarcerated but MDOC is denying me of. The records here will show that I have been trying to get in the program since March 2015, and still haven't be placed in the program or been evaluated for the appropriate counseling and therapy for sexual addiction as the court ordered.
According to Ms. Williams, one of the program director that the SOTP's, is done here at CMCF, but MDOC is not honor the Courts order here.
On or about the 11 day of June 2022, while visiting my family we spoke with Commissioner Burl Cain and Superintendent Derrick Chamber about the Sex Offender Treatment Program and Mr Cain and Chamber stated to me and my wife Latash Gray that he was going get me into the program asap but haven't done anything like they promise.
Commissioner Burl Cain stated that if MDOC didn't have the program the he would send me a facility outside of MDOC.
According to the associat Warden Ms Cooper, Ms Linda Robinson and

-3-

Case manager Ms. Lewis, that I will not be put into the program or get the appropriate counseling and therapy for sexual addiction here at MDOC.

According to associate Warden Ms. Cooper and Case Manager Ms. Lewis, and the statement they made to me and my wife when they spoke over the phone that MDOC was not going to pay for me to get the counseling and therapy for sexual addiction and that MDOC was not going to go off of the sentence order or honor the Court order for the program, and once I am done with my prison time that MDOC was going to release me to a place that do the counseling and therapy for sexual addiction and that I would have to pay for it myself.

Let the records show here that I have been denied of the program and appropriat counseling and therapy for sexual addiction by MDOC, and what the Court ordered in the sentence order. Let the records show here that MDOC, just not only violating what's in the sentecing order here or denied me the program, they had violated my State and Federal Constitution Rights to be free by not putting me in the Sex Offender Treatment Program or on the list. MDOC knows that by me being placed in the SOTP's or on the list that it's make my charge of Gratification of Lust an nonmadatory charge and that it make me eligible for parole and all earn time and 30 for 30.

MDOC had violated under Preexisting parole eligibility date and it violated my Rights under the Ex Post Facto Clause.
The eight (8) amendment's, prohibition against cruel and unusual punishment. Let the records show that MDOC had violated my eight (8) amendment by denying me of the appropriate counseling and therapy for Sexual addiction.

Let the records show here that according to one of the program director Ms William here at CMCF that the Sex Offender Treatment Program is done here at CMCF. According to Mr Wilson, who is the director over the Reentry Program, that the Sex offender treatment program is done here for inmates that is incarcerated, and the name of the program is Stop It Now. (See Exhibit F Page 5)
This Sex Offender Treatment Program is one of the programs that MDOC is getting funds for from the Federal Government, along with anger management and alcohol & drugs classes. (See Exhibits A thru H)
If that were all that was at stakes, here we probably not say a liberty interest has been created and given the fact that prison's frequently maintain treatment and behavioral modification programs such as anger management and alcohol & drugs classes, here that have long withstood legal challenges. The liberty interest at stake in this case of mine is similar

in form and scope to the interest at stake in Vitek: the stigmatizing consequences of the attachment of the "Sex Offender" label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility created the kind of deprivations of that require procedural protections.

 Let the records show here that in the letter here to the Scott County Circuit Court Judge (Hon. Mark Duncan) asking him to submit an order to MDOC to place me in the sex offender treatment program or transfer me to a facility that do the program in the prison or outside of the prison as Commissioner Burl Cain and MDOC Superintendent Derrick Chamber, promise to my wife and myself that they was going to do back in June 2022, immediately. Judge Mark Duncan haven't responded back or submitted an order to MDOC to transfer me to a facility in or outside of MDOC.
Now let the records show here, that, the SOTP's contract and consent to treat form for sex offender treatment program. Preexisting parole eligibility dates and it violated my rights under the Ex Post Facto Clause. However because the State's regulations render the inmate completely ineligible for parole if the treatment program is not satisfactorily completed the attachment of the "Sex Offender" label to the targeted inmate has practical and inevitable

coercive effect on the inmate's conduct. In this case, the substantive predicate is the labeling of the targeted inmate as a sex offender. Once that is done, its mandatory that the labeled inmate successfully complete this specified treatment program in order to become eligible, also once the inmate is label, the sex offender treatment program make's the inmate charge nonmandatory once he is placed on the list and make him eligible for parole. Gray should be treated as the other inmates that not charged "as a sex offender" and given a chance to redeem himself because all who is charged with a sex crime is not guilty.

Gray should have been placed in the program and given the appropriate counseling and therapy for sexual addiction and not denied of it by MDOC.

MDOC had interferes with my opportunities to participate in such programs as might decrease the length of my present terms of confinement, or render the serving of it more bearable in the inmates within the Mississippi Department of Corrections with a sex crime lodged against them are not eligible for trusty status, certain earn time programs reducing their sentence, work release program or the intensive supervision program.

Furthermore, by MDOC is denying Gray of the program and appropriat counseling and therapy for sexual addiction as the court ordered causing Gray anxiety, unrest and inability to plan for his future.

Gray will show throught the sentence order, letters to MDOC Commissioner Burl Cain, administrative remedy program, Case manager request form, that Gray had done everything to get into the program and get the appropriate counseling and therapy for sexual addiction.

Also Gray would show throught the pre-release reentry packet here at MDOC that the "Sex Offender" program is one of the program that MDOC is getting Federal Government Funds for, and other programs that are not being done here. (See Exhibits A thru

1.) Gray's eight (8) amendments against Cruel and unusual punishment, have been violated by MDOC probation officer Cedric Jenkins by trying to force Gray to use his daugther to stay out of prison. (See Exhibit

2.) Gray was denied his right to file chargers against Cedric Jenkins by Scott County Sheriff Department, Justice Court Judge Bill Freeman and MDOC, because Gray was on probation.

3.) Gray was promise by Commissioner Burl Cain and Superintendent Derrick Chamber that Gray would be put into the program and receive all earn time and parole.

4.) MDOC have violated Gray's rights of being free under Preexisting parole eligibility date and it violated Gray's rights under the Ex Post Facto Clause.

5.) MDOC have violated Gray by denying him the program that he is court ordered for the appropriate counseling and therapy for sexual addiction.

-8-

6.) Gray should have been placed in the Sex offender treatment program or placed on the list as the Court ordered and given all earn time with an parole date.

Please Note: In the Pre-Release Reentry Packet the programs that MDOC is receiving funds for but not putting anyone in here. Also note in the letters to MDOC Commissioner Burl Cain dated April 11, 2022 and December 14, 2022 and the letter to Scott County Circuit Court Judge Mark Duncan, but no answer from either parties

End of Complaint

# RELIEF

Gray's eight (8) amendments against Cruel and Unusual Punishment, which have been violated by MDOC probation officer Cedric Jenkins by trying to force me to use my thirdteen (13) year old daugther to stay out of prison. And MDOC had violated my rights by denying me the Sex Offender treatment program which am court order to go throught while am incarcerated. MDOC denied me all rights to all earn time, 30/30 and trusty status with shorting my prison time.

Wrongful imprisonment is worthy of compensatory damage ranging anywhere from $1,000.00 to $1,500.00, for each day that an individual is incarcerated usually starting from the date of arrest... This is NOT including lawsuits claims.

As relief, Gray is asking for all back time earn time and for monetary damages for everyday I've been incarcerated, immedibite release from Custody, and monetaroy damages for loss of job, loss of freedom, defamation, pain and suffering, emotional distress, loss of time away from family as well as loss of relatives before and after during pandemic that I'll never get to see again, along with any other relief that this honorable Court deems fair and just.

End of Relief

Respectfully Submitted
*James Howard Gray* #99090
James Howard Gray #99090
CMCF-1A yard/ C-B one-bed #50
P.O. Box 88550
Pearl, Ms. 39208